A. AND S. HAND *v.* ELNATHAN ALLEN 2D AND OTHERS.

*A bond of recognizance under the Bastardy Act.*

A bond of recognizance under the Bastardy Act, which includes an installment over due at the time the recognizance is taken, is not void.

The recognizance being taken to perform the entire order of the court unless a portion have already been performed by payment, the entire obligation will rest upon the cognizors, and will so rest, though by the order of the court, an installment is over due and unpaid, at the time the recognizance is taken.

Hand and wife *v.* Allen et al. ,

SCIRE FACIAS on a bond of recognizance, entered into under the act relating to the maintenance of illegitimate children. The defendants craved oyer of the bond, which was furnished, and is as follows:

" North Hero, June 15th, A. D. 1846, then personally appeared " Elnathan Allen, 2d, of Grand Isle, in said county, as principal, " and Samuel Adams, William Brown, John Reynolds, Reuben " Sampson, Samuel Allen and John Chamberlain, all of Grand Isle, " as surety, and acknowledged themselves jointly and severally in- " debted to Amanda Ackerson, of Grand Isle, in the sum of two " hundred dollars, to be levied on their, and each of their goods, " chattels, lands and tenements, and for want thereof, on their bodies, " if default be made in the condition following :

" The condition of the above recognizance is such, that whereas, " by the consideration the County Court, of the county of Grand "Isle aforesaid, at a ter f said court, holden at North Hero on " the Tuesday next after e fourth Tuesday of April, A. D, 1845, " the said Amanda Ack . on recovered judgment, in a complaint " of bastardy in her favor, against the said Elnathan Allen, 2d, " and said court, at said term thereof, thereupon made the follow- " ing order in said case, that the said Elnathan Allen, 2d, pay the " said Amanda, the sum of thirty dollars and the costs of said " complaint, taxed and allowed at the further sum of twenty-eight " dollars and fifteen cents, to be paid by the first day of November, " A. D. 1845, and the further sum of thirty dollars, to be paid by " the first day of November, A. D. 1846, and the further sum of " thirty dollars, to be paid by the first day of November, A. D. " 1847, and the further sum of thirty dollars, to be paid by the first " day of November, A. D. 1848, and stand committed until sen- " tence be complied with ; and whereas the said Elnathan Allen, 2d, " is now confined in jail, upon said judgment and order—Now if " the said Elnathan shall well and faithfully pay said judgment, " and comply with said order of said court, then this recognizance " to be void, otherwise to be and remain in full force. Taken " and acknowledged before

WALLIS MOTT, *Judge of County Court.*"

The defendants demurred, and for cause of demurrer in law to the declaration, set down the following :

1. "That the said Wallis Mott, Judge of Grand Isle County Court, as set forth in said declaration, had not power to take a recognizance of the character of the one set up in the plaintiff's said declaration, and that the said recognizance is therefore void."

2. "That it appears from said declaration, that said recognizance therein set forth, was taken on the 15th day of June, 1846, at which time, 58 dollars and 15 cents of the sum therein named had become due, and was not paid according to the order of the court in the original case, and that said recognizance embraces the said sum, when by law, the said Judge had no power or legal right to take a recognizance embracing said sum, or to take such a recognizance until said sum had been paid."

The County Court, February term, 1852,—PECK, J. presiding,— decided that the said bond of recognizance was valid, and rendered judgment for the plaintiffs to recover the b.. as mentioned in the order of the County Court, April term, 1845. Exceptions by defendants.

*Henry Adams* and *W. W. White* for defendants.

A recognizance is defined in the books to be " an obligation of " record, entered into before some court of record, or *magistrate* " *duly authorized*, with condition to do some particular act—as to " appear at the assizes, or criminal court—to keep the peace—to " pay a debt, or the like."

A power to take a recognizance in court, with any legal condition, is incident to every common law court of record. But the judges or an officer of such court have no common law power to take recognizances out of court or in vacation, but can only do so in vacation, where authority is *expressly* given by the statute.

At common law, a judge of the county court has no authority to take security by way of recognizance, in bastardy cases, in vacation.

The power is given by the statute. Rev. Statutes, 349 § 8, 9. Comp. Stat., 424 § 89.

The judge taking a recognizance in the latter class of cases must, in order to render his acts valid, comply with the statute conferring such power. The recognizors, not signing an obligation, can only be bound to the extent that the judge is empowered to act. If he undertakes to bind the recognizors beyond what he is authorized to do by law, and thereby attempts to impose upon them

XXV.    8

Hand and wife *v.* Allen et al.

a duty or obligation beyond what can be legally done, the whole is *nugatory and void.*

The obligation imposed upon the recognizors is entire, *indivisible,* and must stand or fall together. *Treasurer* v. *Seaver et al.,* 7 Vt. 480. *Treasurer* v. *Woodward,* 7 Vt. 528. *People* v. *Meigham,* 1 Hill 298. *Thayer* v. *Rock,* 13 Wend. 53.

1. Upon an application of the above principle, to the bond of recognizance set forth in the declaration, it must be held to be *void.*

Allen stood committed from the April term, 1845, until the 15th day of June, 1846, when this recognizance was taken.

The first installment named in the order of the court, to wit: $30, and the costs, $28,15, making in the whole $58,15, became due on the first day of November, *preceding* the date of the recognizance.

The 8th section (Rev. St. 349) provides that the " father shall, " during the term of the court in which such orders are made, en- " ter into a recognizance before such court with sufficient sureties," &c., and the following section (9th) provides, that " if such father " shall neglect or refuse to enter into such recognizance, he may be " committed to the common jail in such county, until he shall en- " ter into such recognizance, before one of the judges of the county " court, *and pay all such sums of money mentioned in such orders* " *as may be due, and payable at the time of entering into such re-* " *cognizance, before such judge.*" &c.

The judge is only authorized by the 9th section to take a recognizance, with sureties, to the mother of the child, which shall embrace the sums named in the order of the court, *not then having become due,* but such sums as may *then* be due must be paid.

It follows, necessarily, that this bond is *void,* provided the condition includes the sum that was due, and payable before and at the date of the same.

2. This recognizance is good only *to* the extent of the sums named in the order of the court, *which were not due at the date of the recognizance.*

Inasmuch as the statute provides, that " all such sums of money " mentioned in such orders as may be due, and payable at the time " of entering into such recognizance," shall be paid at the time such recognizance is entered into, the sums then due cannot be included therein.

Hand and wife *v.* Allen et al.

The court will give the bond effect, the same as if such sums had been previously paid, or had not been included.

The judgment of the County Court embraced *all* the sums named in the several orders of the court in the case; there is, therefore, *error,* and the judgment should be reversed.

3. *Scire Facias* is not the proper remedy. The party has his remedy given him by the statute, and he should be confined to it. Rev. Statutes, 350 Sec. 10.

*H. R. Beardsley* for plaintiffs.

The question in this case is, whether the bond of recognizance is void, by reason of the first installment, and the costs ordered by the court to be paid, having become due and not paid, at the time said recognizance was entered into.

1. The condition of such recognizance is prescribed by the 8th Sec. of the Bastardy Act,—and is, that the father of the child "will abide and perform all and singular the orders of the court made in the premises."

Such is the condition of the present recognizance, and is in strict compliance with the statute.

2. No doubt, the statutory provision would authorize the mother of the child to keep the father in jail, until he should pay what was due; but she may waive the payment if she choose, and take security by way of recognizance for the amount. And if she does so waive it, the recognizors have no ground of complaint.

3. The statute does declare that the recognizance shall be taken to secure only the sums thereafter to become due, under the order. The recognizance is not, therefore, objectionable, as causing or securing the performance of more than the statute authorized.

The recognizance is in accordance with the statute, and being so, is valid. And if it is competent for the mother to waive payment, the recognizance is broad enough to cover all the installments.

The opinion of the court was delivered by

REDFIELD, CH. J. It is obvious, that after the adjournment of court, and before any of the sums became due, the recognizance is to be taken to perform the entire order of the court. And as the several sums become due, they are to be paid, before the judge is by law required to accept of a recognizance; but after that, the

recognizance, when taken, is to be in similar form, to perform the orders of the court.    And unless a portion have already been performed, by payment, the entire obligation rests upon the connusors, in terms certainly, and we do not perceive that there is any irregularity or illegality in such being the operation of the recognizance. We think it would savor of over refinement, to avoid this recognizance, because it included an installment over due, which before it became due, confessedly was intended to be included.

Judgment affirmed.

NOTE. Some such cases may doubtless be found in the books; but they are cases which a judicious progress, and a rational conservatism, would alike desire to see disregarded. It has been by an obstinate adherence to just such antiquated refinements, that all which is wise and just and useful, in the common law system of pleading, is becoming obnoxious to popular clamor, and by which it must ultimately be overthrown. In the American States we adhere with unflinching pertinacity, to the most absurd subtleties of special pleading, while in England they are, from time to time, introducing new and important ameliorations, in conformity with the demands of the altered modes of business, thought and action.